**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4792**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLARENCE ALLEN TORRES, a/k/a C,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:09-cr-00110-1)

Submitted:  June 23, 2011                    Decided:  July 13, 2011

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephen Stockton, ROBINSON & MCELWEE, PLLC, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clarence Allen Torres pled guilty to possession with intent to distribute five grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a) (2006), and was sentenced to a term of 121 months' imprisonment. Torres appeals his sentence, arguing that (1) he should be resentenced under the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372, which took effect on August 3, 2010, nearly a month after he was sentenced, and (2) the sentence is unreasonable because the district court determined the amount of crack for which he was responsible by considering unreliable testimony. We affirm.

The Fair Sentencing Act does not indicate that it is intended to be applied retroactively. Torres contends that "the strong opinions voiced by Congressional leaders, and the unanimous passage of the FSA," permit the inference that Congress intended the law to apply to defendants with pending appeals. He also argues that the FSA should be deemed to fall within an exception to the Savings Clause, 1 U.S.C. § 109 (2006), for a complete procedural overhaul of an area of law. However, this court has recently held that the Savings Clause does apply and that the FSA is not retroactively applicable. United States v. Bullard, ___ F.3d ___, No. 09-5214, 2011 WL 1718894, at *9-11 (4th Cir. May 6, 2011).

We review Torres' sentence for procedural and substantive reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). Here, Torres claims only that the district court failed to calculate his offense level correctly, a procedural error. We review the district court's calculation of the quantity of drugs attributable to a defendant for clear error. United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999). "A defendant's base offense level under the Guidelines for drug conspiracy cases is determined by the amount of drugs "reasonably foreseeable to him within the scope of his unlawful agreement." United States v. Lamarr, 75 F.3d 964, 972 (4th Cir. 1996).

Torres contends that Donta Brooks and Tracey Robbins, co-conspirators who testified at his sentencing, were unreliable witnesses. The Government must establish the quantity of drugs attributable to a defendant by a preponderance of the evidence and may do so through the introduction of relevant and reliable evidence. United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994). The district court recognized the problems with Brooks' and Robbins' testimony, discounting Brooks' testimony entirely, and accepting Robbins' testimony as it related to Torres' role as a supplier of crack to Brooks, but not as to the amounts of crack for which Torres was responsible.

To make that determination, the district court considered the quantities of crack seized directly from Torres and from Brooks, the crack equivalent of the money seized from each of them, found that Torres had distributed "substantial amounts" of crack on at least two or three other occasions, and estimated conservatively that Torres was responsible for at least one kilogram of crack. "A district court may properly convert cash amounts linked credibly to the defendant's purchase or sale of narcotics" as long as the court does not double count the proceeds and the drugs, and "[d]irect or hearsay testimony of lay witnesses . . . can provide sufficiently reliable evidence of quantity." United States v. Sampson, 140 F.3d 585, 592 (4th Cir. 1998) (internal citations omitted).

Assuming a price of $1300 per ounce and the use of a "Detroit ounce" of 26 grams, which Robbins testified about, when he was arrested Torres had the cash and crack equivalent of 793 grams of crack in his possession. At his arrest, Brooks possessed the cash and crack equivalent of 304 grams of crack. Thus, the district court's estimate of at least one kilogram of crack was supported by these amounts alone, and we conclude that the court did not clearly err in finding that Torres was responsible for one kilogram of crack. Therefore, the court did not commit any procedural error. The within-Guidelines sentence

was presumptively reasonable.  United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED